THE BASIL LAW GROUP, P.C.
Robert J. Basil, Esq. (RB3410)
1270 Broadway, Suite 305
New York, New York 10001
917-512-3066
Attorneys for Plaintiff, IT Trailblazers LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IT Trailblazers LLC | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| vs. | : | |
| FrontierBPM, Inc., | : | COMPLAINT |
| Defendant. | : | |

Plaintiff, IT Trailblazers LLC ("ITTLLC"), by way of Complaint, alleges as follows:

### THE PARTIES

1. ITTLLC is a New Jersey LLC with its principal place of business at 2050 Route 27, Suite 203 North Brunswick NJ 08902.

2. Defendant FrontierBPM, Inc., ("Frontier") is a Pennsylvania corporation with its corporate headquarters at 325 Sentry Parkway, Building 5 West - Suite 200, Blue Bell PA 19422.

### JURISDICTION AND VENUE

3. Pursuant to 28 USC 1332(a)(1) and 1332(a)(2), this court has subject matter jurisdiction over this action because ITTLLC is diverse from Frontier and the amount in controversy against Frontier exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over defendant Frontier, as Frontier undertakes substantial business in New Jersey, including the transactions at issue here, undertook sales activities within New Jersey regarding its services rendered related to this action, engaged in telephonic and other communications with ITTLLC related to the services and events at issue, committed the wrongful acts alleged in this Complaint, with their negative effects being suffered by ITTLLC within the State of New Jersey, obtained wrongfully ITTLLC's services rendered from New Jersey as a direct result of the wrongful acts alleged in this Complaint, and undertook these wrongful acts with knowledge that any damages suffered would be suffered by ITTLLC within the State of New Jersey.

5. Venue is proper pursuant to 28 USC 1391, as ITTLLC incorporated under the laws of the State of New Jersey, maintains its principal place of business in this District, many events underlying these claims took place in this District, and several witnesses reside within this District.

**FACTUAL BACKGROUND**

6. On about January 10, 2017, ITTLLC and Frontier entered into a General Staffing Agreement ("GSA") (Exhibit A), under which ITTLLC agreed to provide Assigned Employees to Frontier in return for certain compensation, including timely payment of amounts due to ITTLLC under the GSA.

7. In the event payment from Frontier was not received within 30 days of receipt of each ITTLLC invoice, the GSA provided that Frontier would be obligated to pay a past-due fee of 1.5% per month of the amount due until full payment was received.

8. ITTLLC fully performed its obligations under the GSA, but Frontier failed to make payment as required.

9. ITTLLC has issued numerous invoices to Frontier and has demanded of Frontier payment of all amounts due, but no such payment has been made.

10. As September 19, 2018, Frontier was indebted to ITTLLC in an amount exceeding the jurisdictional limit of this Court, for at least $538,901.89 as of September 19, 2018, and not including any past-due fees, costs or unbilled services.

11. As of September 20, 2018, Frontier is entitled to no set-offs or credits to the aforementioned amount due.

## COUNT I

## BREACH OF CONTRACT (GSA)

12. ITTLLC incorporates all of the allegations contained other paragraphs of this Complaint as if fully set forth herein.

13. ITTLLC has complied with and performed all contractual obligations owed to Frontier by, *inter alia*, providing Assigned Employees to Frontier.

14. Frontier breached its contract with ITTLLC by failing to pay ITTLLC amounts due and owing as a result of services rendered.

15. The aforementioned failures by Frontier constitute breaches of the GSA, its contract with ITTLLC.

16. As a result of the aforementioned breaches, ITTLLC has been damaged.

17. WHEREFORE, Plaintiff demands against Frontier compensatory damages plus past-due fees in an amount to be calculated at the time of judgment, plus costs, pre-judgment interest, and such other recovery as the court deems appropriate.

## COUNT II

### BREACH OF CONTRACT (SETTLEMENT AGREEMENT)

18. ITTLLC incorporates all of the allegations contained other paragraphs of this Complaint as if fully set forth herein.

19. ITTLLC and Defendant were parties to an identically captioned matter in this Court, CIVIL ACTION NO. 3:18-cv-10515 ("First Action").

20. The First Action was terminated, without prejudice, pursuant to a confidential settlement agreement.

21. Defendant breached the confidential settlement agreement terminating the First Action.

22. Wherefore, Plaintiff demands against Frontier compensatory damages, plus past-due fees in an amount to be calculated at the time of judgment, plus costs, pre-judgment interest, and such other recovery as the court deems appropriate.

THE BASIL LAW GROUP. P.C.
*Attorneys for plaintiffs, ITTLLC, Inc.*

By: _____
Robert J. Basil (RB3410)

Dated: September 20, 2018