## FORBEARANCE AGREEMENT

THIS FORBEARANCE AGREEMENT is entered into as of the first day of June 2018, by and between FrontierBPM Inc. ("FRONTIER") and IT Trailblazers LLC ("ITTB") (jointly, the "Parties").

The Parties stipulate and agree as follows:

A. The Parties entered into a General Staffing Agreement ("GSA") on or about January 10, 2017, under which ITTB agreed to provide Assigned Employees to Frontier in return for certain compensation, including timely payment of amounts due to ITTB under the GSA.

B.    To evidence and secure timely payment of FRONTIER's current and future indebtedness to ITTB under the GSA, FRONTIER and ITTB hereby confirm that the amount of debt justly owed to ITTB by FRONTIER is hereby fixed at $ 372,520.76 for overdue payments as of May 31, 2018, and an additional $68,555.65 due and owing as of June 1, 2018 (jointly, the "Indebtedness").

C. The Indebtedness is a fully enforceable obligation of FRONTIER, and is not subject to any defense or counterclaim, or any claim of setoff or recoupment.

D. FRONTIER represents that, because of its financial condition, at this time it is unable to pay in a timely manner the full amount of the Indebtedness. The parties are entering into this Agreement because of FRONTIER's representations concerning its financial condition.

E. The parties acknowledge that this Forbearance Agreement represents an arms-length transaction, and that each party has acted in good faith in the making of this Forbearance Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1

1. Forbearance Period.

Subject to the express provisions of this Forbearance Agreement, ITTB hereby agrees to forbear from exercising its rights of collection of the Indebtedness until the earlier of (i) November 15, 2019 or (ii) the occurrence of a Termination Event, as defined in Section 3 of this Forbearance Agreement. This period of forbearance is hereinafter referred to as the "Forbearance Period."

2. Conditions of Forbearance.

ITTB's agreement to forbear is conditioned upon and subject to timely satisfaction of each of the following conditions ("Conditions of Forbearance"):

(a) Payments.

    (i)    During the Forbearance Period, and for so long as the Indebtedness shall remain unpaid during the Forbearance Period, FRONTIER shall pay in cleared funds $22,558.20 on June 15, 2018 and an equal amount on the 15th day of each successive month during the Forbearance Period, each such payment equaling $1/18^{th}$ of the Indebtedness, applying a 6% annual interest rate to the outstanding balance.

    (ii)    In addition, An amount of $68,555.65 is currently due, this will be paid by FRONTIER by June 10th.  For hours worked by ITTB consultants during the month of May 2018, ITTB will undertake its best efforts to provide a billing to FRONTIER during the first week of June, and FRONTIER will pay such billing to ITTB in full on or before July 1, 2018, as an independent duty under this Forbearance Agreement to any other duty, including but not limited to the duties         of         FRONTIER         under         section         2(a)(i).

    (iii)    For hours worked by ITTB consultants Piyush Arora and Arti Hareshbhai, all payments for these consultants is due and owing on the 30th day from any billing         received         by         FRONTIER         from         ITTB.

    (iv)    In addition to any other rights of ITTB triggered by FRONTIER's failure to make payments under this Section 2(a), a late fee of $500 shall apply to each

unpaid obligation, as well as a 18% annual interest charge beginning on the day after such payment is due.

This payment section 2(a) does not foreclose FRONTIER from making any other arrangements with ITTB for prepayment of some or all of the Indebtedness.

(b) No Default to Third Parties.

During the Forbearance Period, FRONTIER shall not be in substantial default of any of its financial obligations to any other entity.

(c) Correctness of Representations and Warranties.

All representations and warranties made by FRONTIER to ITTB under this Agreement shall remain true and correct throughout the Forbearance Period.

(d) No Defaults Hereunder.

During the Forbearance Period, FRONTIER shall not breach any promise or covenant contained in this Forbearance Agreement and shall not be in default under any provision of this Forbearance Agreement.

3. Termination Events.

Each of the following shall constitute a Termination Event and an Event of Default under this Agreement:

(a) FRONTIER fails to comply in a timely manner with any of the Conditions of Forbearance set forth above.

(b) FRONTIER becomes a debtor in bankruptcy by means of either a voluntary or involuntary petition.

(c) Any kind of receivership or insolvency proceeding is commenced by or against

FRONTIER.

4. Termination of Forbearance Period.

FRONTIER agrees that the Forbearance Period automatically, and without notice, shall be terminated upon the earlier of:

(a) November 15, 2019, or

(b) The occurrence of any Termination Event or Event of Default as defined above.

Upon termination of the Forbearance Period, the entire amount of the unpaid portion of the Indebtedness, including any unpaid late fee or accrued interest, shall be immediately due and payable, and ITTB shall be under no obligation to forbear in any respect, and shall be entitled immediately to exercise all of its rights and remedies under law without further notice to FRONTIER.

5. Representations, Warranties and Covenants.

In order to induce ITTB to enter into this Agreement, FRONTIER and the individual who is signing this Agreement on behalf of FRONTIER jointly and severally make the following representations, warranties and covenants:

(a) FRONTIER is a validly existing limited liability company in good standing under the laws of the Commonwealth of Pennsylvania and is duly qualified to conduct its business in all jurisdictions where it does conduct business;

(b) FRONTIER is duly authorized and empowered to enter into and perform under this Forbearance Agreement, and requires no board or shareholder approvals to do so;

(c) The execution and performance of this Forbearance Agreement by FRONTIER does not and will not violate any agreement to which FRONTIER is a party; and

(d) During the Forbearance Period, FRONTIER will not dispose of substantial amounts of its property outside of the ordinary course of business.

4

6. Amendments.

This Agreement cannot be amended, rescinded, supplemented or modified except in writing signed by the parties hereto.

7. Complete Agreement.

This Forbearance Agreement contains the entire agreement of the parties and supersedes any other discussions or agreements relating to the subject of this Forbearance Agreement.  The parties agree that the GSA remains in full force and effect, except as amended or modified by this Forbearance Agreement.  To the extent of any conflict or ambiguity between this Forbearance Agreement and the GSA, the terms of this Forbearance Agreement shall apply.

[signatures]

Manager - HR & contracts
iT TRAILBLAZERS, LLC
2050 Route 27, Suite 203
North Brunswick, NJ 08902
732 227 1772